CHARLES D. HALE v. TOWNSHIP BOARD OF THE TOWNSHIP OF BALDWIN.

*Townships—Apportionment of indebtedness on bonds—Bona fide purchasers.*

A township issued plank-road bonds which were invalid. The bonds were negotiated and the township was afterwards divided. *Held* that the judgment in a subsequent action on the bonds to which the new township was not a party, was not binding on it; and *mandamus* will not lie to compel the township board of the new township to meet with the township board of the old one, to apportion the indebtedness arising on the bonds.   .

----

Purchasers of bonds cannot be considered *bona fide* holders if after their purchase an action is brought upon the bonds and judgment recovered by the payees named in the coupons.

MANDAMUS.    Submitted Oct. 5.    Denied Oct. 18.

*A. McDonell* for relator.

*Hanchett & Stark* for respondent.

MARSTON, J.    This is an application by the relator for a mandamus to compel the respondent to meet with the township board of Tawas and adjust and apportion all existing indebtedness between said towns growing out of certain bonds issued by the township of Tawas in aid of a certain plank-road company, while the territory now in the township of Baldwin formed a part of the township of Tawas.

The invalidity of the bonds at the time they were issued is substantially admitted by the relator, and there can be no doubt but that such was the fact.    The relator claims, and bases his right to the writ, that prior to the division of the territory these bonds were negotiated to and are still held by *bona fide* holders.

It affirmatively and clearly appears by the record, that the payees named in the coupons commenced action in the United States court in their own names to recover the amount thereof in 1874, several years after the new township of Baldwin was organized.    This most effectively and conclusively disposes of the claim made that these bonds were negotiated and held by *bona fide* holders.    How the plaintiffs in those suits were enabled, under such circumstances, to recover judgment upon such coupons we need not attempt to ascertain, and in any event the respondent not being a party in those cases would not be bound by the judgment.    *Pierson v. Reynolds,* ante 224.

We are of opinion that the relator has not made such a case as will entitle him to the writ, and the same will be denied.

The other Justices concurred.